BERYL GUTNICK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gutnick v. Commissioner
Docket No. 5959-80.
United States Tax Court
T.C. Memo 1981-628; 1981 Tax Ct. Memo LEXIS 123; 42 T.C.M. (CCH) 1554; T.C.M. (RIA) 81628; October 26, 1981. Charles S. Wulke, for the petitioner. Ricardo A. Cadenas, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $ 1,335 in petitioner's Federal income tax for 1977. The sole issue for decision in whether, under the income averaging provisions of sections 1301-1305, [1] base period income can be less than the zero bracket amount for taxable years ending before January 1, 1977. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner *124 resided in Los Angeles, California. Petitioner filed an individual Federal income tax return for 1977 with the Internal Revenue Service Center, Fresno, California. Petitioner's taxable income for 1973-1976 as reported in her Federal income tax returns is as follows: [2]
Year
Taxable Income
1973
($ 3,200)
1974
( 5,761)
1975
( 4,171)
1976
1,839 In Schedule G of her 1977 tax return, petitioner, who marked single filing status, claimed base period income (line 4 of Schedule G) equal to zero for the taxable years 1973, 1974, and 1975. Petitioner argues that the limitation imposed by section 1.1302-2(b)(1), Income Tax Regs., is to be applied subsequent to the adjustment specified by sectidn 1302(b)(3) so that base period income for the years beginning before January 1, 1977 may be as little as, but not less than, zero. Petitioner contends that he intent of section 1302(b)(3) *125 is to insure that base period income for the years prior to 1977 is computed in a manner essentially consistent with years commencing after December 31, 1976. Moreover, she asserts that it is illogical and contrary to congressional intent that a base period income for any year prior to 1977 may never be between zero and the zero bracket amount. Respondent, by contrast, maintains that section 1302 (b)(3) indicates that a taxpayer's zero bracket amount must be added to "base period income" as first determined under section 1302(b)(2). Since this latter amount cannot be less than zero, respondent contends, it follows that base period income for each of the pre-1977 years herein must be at least equal to $ 2,200 (petitioner's zero bracket amount). In Monson v. Commissioner, 77 T.C. 91 (1981), we held that in computing base period income, the taxpayers first had to adjust their pre-1977 negative taxable income to zero before adding the zero bracket amount. We arrived at our decision by first examining the plain meaning of section 1302(b)(3) and then its legislative history. Just as the taxpayers in Monson misconstrued Congress' intent in enacting section 1302(b)(3), *126 petitioner makes a similar mistake. As we stated in Monson: the increase in base period income for pre-1977 years was necessary for income averaging purposes in order to equate taxable income for these years, which was reduced by a standard deduction, for comparison with taxable income after the change for zero bracket amount, which would not be so reduced. [77 T.C. at 96.] Petitioner's base period income for 1973, 1974 and 1975, therefore, is required to be at least equal to her 1977 zero bracket amount. [3]
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩
2. In her 1973 return, petitioner showed a net capital loss of $ 8,376. Petitioner claimed a net capital loss carryover from 1973 in the amount of $ 6,376 in her 1974 tax return, in the amount of $ 3,607 in her 1975 tax return, and in the amount of $ 1,106 in her 1976 tax return.↩
3. See also Hackney v. Commissioner, T.C. Memo. 1981-534; Ferry v. Commissioner, T.C. Memo. 1981-533; and Ferguson v. Commissioner, T.C. Memo. 1981-470↩.